UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
FEB 18 2008

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JEFFREY J. EIMERS, | \* | CIV 08-4207 |
| | \* | CR 04-40123 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jeffrey Eimers has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court has conducted the preliminary review required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, and the Court has determined that the motion must be denied as untimely.

On April 1, 2005, Eimers pleaded guilty to possession of a firearm by a prohibited person. On June 20, 2005, this Court sentenced Eimers to 27 months imprisonment to be followed by a two-year term of supervised release. Eimers waived his right to appeal in his plea agreement and he did not appeal his sentence. After his time for appeal had expired, and after his time to file a § 2255 had run, Eimers applied to this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court denied the § 2241 for lack of jurisdiction because Eimers was an inmate at the Federal Medical Center in Rochester, Minnesota.[1] *See Eimers v. USA*, CIV 06-4151. Eimers served his sentence and supervised release commenced on October 27, 2006. He has twice come before the Court for

---

[1] In the § 2241 Petition, Eimers claimed that his right to a speedy trial was violated, and he asked the Court to dismiss his case. In the Memorandum Opinion and Order denying the § 2241 Petition, this Court noted that Eimers' challenge to the legality of his conviction should have been brought under 28 U.S.C. § 2255, but that Eimers likely filed his petition under § 2241 because the one-year statute of limitations for motions to vacate, set aside, or correct sentences under § 2255 had expired. *See* CIV 06-4151, doc. 5.

violations of supervised release. Most recently, the Court revoked Eimers' supervised release after a hearing on September 19, 2008, and imposed a sentence of eight months imprisonment with no reimposition of supervised release. (CR 04-40123, Doc. 88, Judgment on Revocation.)

The Court has liberally construed Eimers' pro se § 2255 motion and finds that his allegations relate to his original conviction in 2005. He does not challenge the 2008 sentence he is currently serving. Eimers continues to claim that his speedy trial rights were violated, and he wants the 2005 conviction "off his record." As this Court has explained in previous Orders, the time provided by statute for Eimers to bring a challenge to his underlying conviction has passed. The motion must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). The Judgment of Conviction in this case was issued on June 22, 2005. Eimers did not appeal within the ten days provided for appeal under Federal Rule of Appellate Procedure 4(b), and now it is years beyond the one-year deadline from the date the judgment became final. On page 12 of his § 2255 petition, Eimers talks about being moved around, not having money to make copies, and not being able to get a piece of paper and a pencil when he was incarcerated "the first year." To the extent Eimers is arguing that the one-year time limit for filing a § 2255 should be extended pursuant to 28 U.S.C. § 2255(f)(2) because governmental action prevented him from filing his § 2255 motion during his first year of incarceration, that does not save his untimely petition. Eimers was able to file a § 2241 petition on September 6, 2006, while incarcerated at the Federal Medical Center in Rochester, Minnesota, *see* CIV 06-4151, so no impediments existed at

that time. Furthermore, Eimers' supervised release commenced on October 27, 2006. Even if the Court were to extend the § 2255 time limit to one year after Eimers' release from incarceration on October 27, 2006, when there clearly was no government impediment to filing a § 2255, the one-year time limitation still would have expired before this § 2255 was filed by Eimers on December 22, 2008. The other two subsections of section 2255(f) do not apply. Eimers makes no allegation that his petition invokes a right newly recognized by the Supreme Court and made retroactively applicable, and Eimers has no newly discovered facts supporting his claims. Accordingly, his motion must be denied as untimely.

IT IS ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied as untimely, and this case is dismissed with prejudice.

Dated this 17th day of February, 2009

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk of Courts

By _____, Deputy
(SEAL)